UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JAMES B. WILLIAMS,

        Petitioner,

        -v-                                      99-CV-6051
                                            **ORDER**
E.I. DONNELLY, Superintendent of
Wende Correctional Facility,

        Respondent.

---

## I. Introduction

On or about February 2, 1999, petitioner James Williams ("Williams" or "petitioner") filed a *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the constitutionality of his conviction for Murder in the Second Degree in Erie County Court, following a jury trial[1]. (Dkt. #1). This court dismissed Williams's petition for writ of habeas corpus and denied a certificate of appealability, finding that Williams failed to make a substantial showing of the denial of a constitutional right. See Decision and Order dated 4/4/2003. (Dkt. #12). The Second Circuit Court of Appeals issued a mandate denying petitioner's motion for a certificate of appealability and

---

[1] In his habeas petition, Williams alleged that: (1) at his trial, the prosecutor improperly exercised a peremptory challenge on the basis of race; (2) the trial court improperly failed to suppress statements that Williams made to a cooperating witness, and failed to charge the jury concerning the voluntariness of the statements; (3) the trial court improperly refused to redact a video in which Williams discussed other crimes; (4) the verdict was against the weight of the evidence; and (5) the sentence was harsh and excessive. (Dkt. #1).

dismissing petitioner's appeal. (Dkt. ## 15, 16). Now before this Court is petitioner's motion for reconsideration pursuant to Fed. R. Civ. P. 60(b)(6). (Dkt. #17). The reader is presumed to be familiar with the facts of this case, which were detailed in the Decision and Order by this Court (Dkt. #12).

**III. Discussion**

    **A.    Timeliness**

Motions brought under subsection (6) must be filed "within a reasonable time." Fed R. Civ. P. 60(b). Petitioner's 60(b)(6) motion was filed six years after his initial habeas application was denied, four years after the Second Circuit denied his application for a certificate of appealability, and fourteen years after his conviction in state court. He has set forth no facts that establish extraordinary circumstances other than citing to the holding in Snyder v. Louisiana, 552 U.S. 472 (2008). Similarly, he contends that his motion is timely based on the 2008 Supreme Court ruling in Snyder. The Court does not find that Williams's motion was made "within a reasonable time" as required by Rule 60(b). The Second Circuit has held that much shorter delays are patently unreasonable. See Rodriguez v. Mitchell, 252 F.3d 191, 201 (2d Cir. 2001) (Rule 60(b)(6) motion filed three-and-a-half years after denial of habeas petition was unreasonable delay); Williams v. Comm'r of Corr. of State of N.Y., 122 F.3d 1058 (2d Cir. 1997) (Petitioner's motion for relief from final order of 42

§ 1983 case five years after dismissal of case was untimely)(unpublished opinion); Kellogg v. Strack, 269 F.3d 100, 104 (2d Cir. 2001) (two-year delay unreasonable). In any event, petitioner's motion is denied for failing to set forth a basis for relief under Rule 60(b).

**B.   The Rule 60(b) Motion**

Rule 60(b) allows a party to seek relief from a final judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; or (5) the judgment has been satisfied. Fed. R. Civ. P. 60(b)(1) - (5). Subsection (6) is the "catch-all" of Rule 60(b), which allows vacatur in the interest of justice for any other reason justifying relief from the operation of the judgment[2]. Fed. R. Civ. P. 60(b)(6).

Rule 60(b) applies in habeas corpus cases and may be used to reopen a habeas proceeding. See Gonzalez v. Crosby, 545 U.S. 524, 534 (2005) (stating that "Rule 60(b) has an unquestionably valid role to play in habeas cases" and giving examples). However, "relief under Rule 60(b) is available for a previous habeas proceeding only when the Rule 60(b) motion attacks the integrity of the previous habeas proceeding rather than the underlying criminal conviction." Harris v. United States, 367 F.3d 74, 77 (2d Cir.

---

[2] Williams's notice of motion states that he seeks relief under this provision.

2004); see also Gitten v. United States, 311 F.3d 529, 532 n. 4 (2d Cir. 2002). Rule 60(b) is not a vehicle for rearguing the merits of the challenged decision. Fleming v. New York Univ., 865 F.2d 478, 484 (2d Cir. 1989) ("[A] Rule 60(b)(3) motion cannot be granted absent clear and convincing evidence of material misrepresentations and cannot serve as an attempt to relitigate the merits.") (citations omitted). Rather than standing in for an ordinary appeal, Rule 60(b) provides relief only in exceptional circumstances. Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986); see also Harris v. United States, 367 F.3d 74, 77 (2d. Cir. 2004) ("[A]n attack on the integrity of a previous habeas proceeding using subsection (6) of Rule 60(b) is viable only in 'extraordinary circumstances.'"). Specifically, subsection (6) of Rule 60(b), under which petitioner bases his motion, has been interpreted as requiring a showing of "extraordinary circumstances" to "justify[ ] the reopening of a final judgment." Gonzales, 545 U.S. at 535. The Supreme Court has also observed that "[i]ntervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)." Agostin v. Felton, 521 U.S. 203, 239 (1997).

When presented with a Rule 60(b) motion that merely asserts or reasserts claims of error in the movant's underlying conviction or sentence, a district court has two procedural options: "(i) the court may treat the Rule 60(b) motion as 'a second or successive'

4

habeas petition, in which case it should be transferred to [the Court of Appeals] for possible certification [under 28 U.S.C. § 2244(b)(2)], or (ii) the court may simply deny the portion of the motion attacking the underlying conviction 'as beyond the scope of Rule 60(b).'" Harris, 367 F.3d at 82 (quoting Gitten v. United States, 311 F.3d at 534).

In the instant motion, petitioner argues that state prosecutors violated his constitutional rights by exercising peremptory challenges against two African-American venire panelists during the *voir dire* portion of his trial. Relying on Batson v. Kentucky, 476 U.S. 79 (1986)[3], petitioner asserts that the Equal Protection Clause was violated by the prosecution's exercise of peremptory challenges in a racially discriminatory manner, and that intervening developments in the law entitle him to a reopening of this court's original judgment rejecting his habeas petition. See Petitioner's ("Pet'r") Mem. of Law at 6. (Dkt. #17). Specifically, petitioner points to Snyder v. Louisiana, 552 U.S. 472 (2008), in which the Supreme Court clarified that the trial court's role in conducting a Batson inquiry involves evaluating the demeanor and credibility of the prosecutor exercising the challenge and observing the demeanor of the juror being excluded. Petitioner

---

[3] Batson provides a three-step process for a trial court to use in adjudicating a claim that a peremptory challenge was based on race: (1) a defendant must make a prima facie showing that a peremptory challenge has been exercised on the basis of race; (2) if that showing had been made, the prosecution must offer a race-neutral basis for striking the juror in question; and (3) in light of the parties' submissions, the trial court must determine whether the defendant has shown purposeful discrimination.

claims that the Snyder decision entitles him to a reopening of his Batson claim because the District Court "applied the wrong standard" in determining the claim. Pet'r Mem. of Law at 6-8. Essentially, petitioner seeks to revisit the Court's previous denial on the merits.

The Court finds that petitioner's motion does not present the grounds for relief enumerated in Rule 60(b); rather, he simply reargues his Batson claim, which was previously resolved by the Court's Decision and Order dismissing his petition. See Fleming, 865 F.2d at 484. Accordingly, petitioner's motion is denied.

Alternatively, if the Court were to consider petitioner's motion to be a successive habeas petition, I note that he has raised a substantive claim that was previously decided on the merits in his initial habeas petition. See, e.g., Dunlap v. Litscher, 301 F.3d 873, 876 (7th Cir. 2002)(A motion contending that a subsequent change in substantive law is a "reason justifying relief" from the previous denial of a claim is, in substance, a successive habeas petition, subject to dismissal under AEDPA). Because AEDPA requires dismissal of a claim presented in a second or successive habeas corpus application that was presented in a prior application, the Court cannot now render a judgment on the merits[4]. 28 U.S.C. § 2244(b)(1).

---

[4] In any event, petitioner may not obtain approval for a successive collateral attack based on Snyder v. Lousiana, 552 U.S. 472 (2009), absent a declaration by the Supreme Court that the rule in Snyder applies retroactively. See 28 U.S.C. § 2244(b)(2)(A).

Moreover, because the claims brought in the instant motion have been previously heard, resolved, and appealed, it would be a waste of judicial resources to transfer this motion to the Court of Appeals for possible certification as a second or successive habeas petition. See 28 U.S.C. § 2244(3)(A).

## IV. Conclusion

For the foregoing reasons, Williams's Rule 60(b) motion for relief from judgment is denied.

**SO ORDERED.**

S/Michael A. Telesca

_____
MICHAEL A. TELESCA
United States District Judge

Dated: December 23, 2009
Rochester, New York