UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JAMES B. WILLIAMS,

        Petitioner,

    -v-                                                             99-CV-6051
                                                                  **ORDER**

E.L. DONNELLY, Superintendent,
Wende Correctional Facility,

        Respondent.

---

## I. Introduction

On or about February 2, 1999, petitioner James Williams ("Williams" or "petitioner") filed a *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the constitutionality of his conviction for Murder in the Second Degree in Erie County Court, following a jury trial. (Dkt. #1). This court dismissed Williams's petition for writ of habeas corpus and denied a certificate of appealability, finding that Williams failed to make a substantial showing of the denial of a constitutional right. See Decision and Order, No. 99-CV-6051 (Telesca, D.J.) dated 4/4/2003. (Dkt. #12). The Second Circuit Court of Appeals issued a mandate denying petitioner's motion for a certificate of appealability and dismissing petitioner's appeal. (Dkt. ## 15, 16). Petitioner then filed a motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b)(6) ("Rule 60(b)"), which was denied by this Court on December 23, 2009. (Dkt. #17).

Now before the Court are petitioner's second motion for relief from judgment (Dkt. #20) and motion for an extension of time to file a reply to the respondent's answering affirmation. (Dkt. #23).

The reader is presumed to be familiar with the facts of this case, which were detailed in the Decision and Order by this Court (Dkt. #12).

For the reasons that follow, petitioner's Rule 60(b) motion is denied. In light of that determination, petitioner's motion for an extension of time to file a reply to the respondent's affidavit (Dkt. #21) is also denied.

**II.　Discussion**

　**A.　Rule 60(b)**

Rule 60(b) allows a party to seek relief from a final judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; or (5) the judgment has been satisfied. Fed.R.Civ.P. 60(b)(1) - (5). Subsection (6) is the "catch-all" of Rule 60(b), which allows vacatur in the interest of justice for any other reason justifying relief from the operation of the judgment. Fed.R.Civ.P. 60(b)(6).

Petitioner alleges that he is entitled to relief under Rule 60(b) because this Court erroneously utilized the AEDPA standard of review[1] in evaluating the merits of petitioner's habeas claims.

As discussed below, petitioner's motion is denied because it is untimely and because it fails to state a ground for relief under Rule 60(b).

**B. Petitioner's Second Rule 60(b) Motion is Untimely**

As with petitioner's previous motion for relief from judgment (Dkt. #17), the current motion is untimely. Petitioner's second Rule 60(b) motion was filed on November 24, 2010, approximately seven and one-half years after this Court denied petitioner's habeas petition. A motion brought under Rule 60(b)(6) "must be made within a reasonable time." Fed.R.Civ.P. 60(c). Where, as here, there is a significant delay between the date of judgment and the date the Rule 60(b) motion was filed, such a motion is untimely. See Rodriguez v. Mitchell, 252 F.3d 191, 201 (2d Cir.2001) (Rule 60(b) motion filed three and one-half years after denial of habeas petition was unreasonable delay); Williams v. Comm'r of Corr. of State of N.Y., 122 F.3d 1058 (2d Cir. 1997) (petitioner's motion for relief from final order of 42 U.S.C. § 1983 case five

---

[1] Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. § 2254, a petitioner seeking federal review of his conviction must demonstrate that the state court's adjudication of his federal constitutional claim resulted in a decision that was contrary to or involved an unreasonable application of clearly established Supreme Court precedent, or resulted in a decision that was based on an unreasonable factual determination in light of the evidence presented in state court. See 28 U.S.C. § 2254(d)(1), (2); Williams v. Taylor, 529 U.S. 362, 375-76 (2000).

years after dismissal of case was untimely) (unpublished opinion); accord, e.g., Rogers v. Artuz, Nos. 00-CV-2718 (JBW), 03-MISC-0066 (JBW), 2007 WL 2815692, *7 (E.D.N.Y. Sept. 24, 2007) ("Even if petitioner's motion were deemed a proper 60(b)(6) motion, it would be untimely. Petitioner's initial habeas application was denied on July 7, 2003, almost three-and-a-half years before petitioner's 60(b)(6) motion was filed. Such a delay is unreasonable.")

**C. Petitioner's Challenge to the Underlying Habeas Proceeding is Meritless**

In addition to its untimeliness, petitioner's motion fails to justify the relief he requests. Rule 60(b) applies in habeas corpus cases and may be used to reopen a habeas proceeding. See Gonzalez v. Crosby, 545 U.S. 524, 534 (2005) (stating that "Rule 60(b) has an unquestionably valid role to play in habeas cases" and giving examples). However, "relief under Rule 60(b) is available for a previous habeas proceeding only when the Rule 60(b) motion attacks the integrity of the previous habeas proceeding rather than the underlying criminal conviction." Harris v. United States, 367 F.3d 74, 77 (2d Cir.2004).

Rule 60(b)(6), which provides as grounds any other reason that justifies relief, "despite its open wording, has been narrowly cabined by the precedent of [the Second Circuit]." Harris, 367 F.3d at 80. "It is well established ... that a proper case for Rule 60(b)(6) relief is only one of extraordinary circumstances, or extreme hardship." Id. at 81 (internal quotation marks omitted).

Here, petitioner appears to attack the validity of the underlying habeas proceeding by arguing that the Court applied the wrong standard of review in evaluating his petition. Specifically, petitioner contends that because the crimes for which he was convicted were committed six years prior to AEDPA's enactment in 1996, this Court should have evaluated petitioner's claims *de novo*, thus resulting in a more favorable outcome. Pet'r Mot. dated 11/24/2010 at 10.

Petitioner's contention is founded in a misapprehension of the applicable habeas law. Habeas petitions post-dating the enactment of AEDPA are governed by 28 U.S.C. § 2254 statute as amended. Lindh v. Murphy, 521 U.S. 320, 327-29 (1997) (finding that AEDPA's amendments to §§ 2253, 2254 & 2255 applied to cases filed after the effective date); Loliscio v. Goord, 263 F.3d 178, 183-85 (2d Cir. 2001) (applying AEDPA standards to § 2254 petition timely filed after AEDPA's effective date); Lurie v. Wittner, 228 F.3d 113, 120 (2d Cir. 2000) ("Because Lurie's petition, filed in October 1998, postdates the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") . . . . AEDPA's revisions of 28 U.S.C. § 2254 govern this proceeding."). Here, the habeas petition at issue was filed on February 2, 1999 (Dkt. #1), and thus AEDPA's deferential standard of review was correctly applied by this Court in adjudicating petitioner's claims.

Accordingly, petitioner has not presented a sufficient basis for relief pursuant to subsection (6) of Rule 60(b). The Court also finds that there is no other basis for relief under the remaining subsections of Rule 60(b).

**IV. Conclusion**

For the foregoing reasons, petitioner's Rule 60(b) motion for relief from judgment (Dkt. #21) is denied. Because the Court has determined that petitioner is not entitled to relief, his request for an enlargement of time to file responding papers (Dkt. #23) is also denied. No certificate of appealability shall issue. See 28 U.S.C. § 2253(c).

**SO ORDERED.**

S/Michael A. Telesca

_____
MICHAEL A. TELESCA
United States District Judge

Dated:  March 2, 2011
        Rochester, New York